**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALLDIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § § § | CIVIL ACTION NO. 2:17-cv-00475 |
| Plaintiffs, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| HIKE LTD., | § § | |
| Defendant. | § § § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their original complaint against defendant, Hike Ltd. ("Defendant"), allege as follows:

**THE PARTIES**

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns several patents in the field of text/voice instant messaging.

4.      Upon information and belief, Defendant is a corporation organized and existing under the laws of India, having a principal place of business at Bharti Crescent 1, Nelson Mandela Road, Vasant Kunj New Delhi, 110070 India, and offers its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial

Eastern District of Texas. Among other things, Defendant engages in marketing activities that promote the use of the Hike Messenger app and its associated system.

5.      Upon information and belief, via the Hike Messenger voice and messaging application and its associated system, Defendant allows individuals to communicate with one another, including communications between two or more residents in the Eastern District of Texas.

6.      Upon information and belief, Defendant maintains highly interactive and commercial websites, accessible to residents of Texas and the Eastern District of Texas, through which Defendant promotes its products and services, including the Hike Messenger voice and messaging application and services that infringe the patents-in-suit.  Defendant's websites solicit users and does business directly with residents of the Eastern District of Texas to download the Hike Messenger voice and messaging application and create a user account; create a contact list of friends, family, as well as business contacts; participate in interactive messaging with other users; and participate in interactive video conferencing with other users.

7.      Upon information and belief, Defendant knowingly introduced each and every product and service as part of its regular and established business into the Eastern District of Texas through its highly interactive websites and its other software and services, including the accused instrumentalities.  Each of Defendant's products or services and actions described in this Original Complaint shows Defendant intended and continues to intend for residents of the Eastern District of Texas to use and interact directly with these highly interactive products, services, and websites.

8.      Upon information and belief, Defendant's Hike Messenger voice and messaging application and its associated system has over 70 million users, with users sending over 30 billion messages a month.[1]

---

[1] See https://blog.hike.in/users-exchanging-over-30-billion-messages-per-month-on-hike-messenger-up-50-in-just-3-months-a7952c110395

9.      The following presents just some of the products and services provided to residents in the Eastern District of Texas.

## Introducing Video Calls

Today is a super exciting day for us and our community. We're launching free Video Calls on Hike!

Starting today, users on our Android app will be able jump on a 1–1 video call with their close ones on the tap of a single button. *(iOS to follow shortly)*

This will enable our users to express themselves better and enrich their conversations.

While India is quickly moving to 4G, we've built our Video Calls to work in challenging network conditions as well, including reliable 2G networks.

**Live Previews**

Users can even see a *Live Preview* of the caller's camera before answering the call. Basically, you can look at what the caller's camera is streaming before you decide to answer the call. How cool is that?

**Source**: https://blog.hike.in/introducing-video-calls-f71f52461e4b

## Hike Messenger Introduces Free Voice Calling

• *Make free hike-to-hike calls over 2G, 3G & Wi-Fi in over 200 countries*

• *Available to Android users first, covering over 90% of it's user base; iOS and Windows to follow by the end of Q1 2015*

• *Extremely data efficient; giving more calling minutes per MB*

**Source**: https://blog.hike.in/hike-messenger-introduces-free-voice-calling-b872941a2994

## hike messenger introduces free group calling. Connects upto 100 people in a call with the press of a single button.

- *Free group calls to work over 4G & Wi-Fi to begin with*

- *Connects up to a 100 people in a call with the press of a single button*

- *Available on Android first. iOS, Windows to follow by end of this year*

**Source**:    https://blog.hike.in/hike-messenger-introduces-free-group-calling-connects-upto-100-people-in-a-call-with-the-press-of-a-b7fa39aeda1

## hike revolutionizes the instant messaging space by launching hike direct; Allows users to chat and share files without internet & data charges

- *Chat, exchange stickers, transfer photos and any of kind of file seamlessly without internet within a radius of 100m*

- *No data charges apply when using Hike Direct with speeds up to 40 Mbit / sec*

- *Available on Android first covering 90% of its user-base. iOS, Windows to follow next year*

**Source**:  https://blog.hike.in/hike-revolutionizes-the-instant-messaging-space-by-launching-hike-direct-allows-users-to-chat-and-2d8af8edfed6

## Perfect your display picture & favorite photos with hike photo filters & doodles

- *Offers range of desi and contemporary photo filters such as Sholay, Polaroid, Grayscale, Jalebi, Retro*

- *Variations in pen size for doodling*

- *Color palette available to create fun doodles*

**Source**: https://blog.hike.in/perfect-your-display-picture-favorite-photos-with-hike-photo-filters-doodles-4d8315b793b1



**Source**: https://support.hike.in/hc/en-us/articles/230606687-What-is-hike-caller-

      10.     The following presents a product and service provided to residents in the Eastern District of Texas referred to as Hike Direct.  Hike Direct is a phone-to-phone service that doesn't use any network.



**Source**: https://support.hike.in/hc/en-us/articles/230606667

11.     Upon information and belief, another way Defendant's highly interactive website directly interacts with users in the Eastern District of Texas by asking for personal and identifying information of the residents of the Eastern District of Texas, as shown below.



**Source**: https://support.hike.in/registration

12.     Upon information and belief, Defendant's highly interactive Hike Messenger voice and messaging application directly interacts with users in the Eastern District of Texas by asking for the phone number of the residents of the Eastern District of Texas, as shown below.



**Source**:  https://support.hike.in/hc/en-us/articles/230604567-How-do-I-register-an-account-with-hike-

13.      Upon information and belief, Defendant records and saves a multitude of data and information from its direct and indirect interactions with the users in the Eastern District of Texas, including the collection, use and disclosure of personally identifiable information as shown and further described below.

## 1. Information Collection

"Personally Identifiable Information" means any information that either on its own or when combined with certain other information can identify an individual and for the purpose of this Privacy Policy usually limited to Your mobile phone number or address book contact numbers.

hike may obtain the following types of information from or concerning You or Your mobile device, which may include personal information that can be used to identify You as specified below:

User Provided Information: You provide certain Personally Identifiable Information, such as Your mobile phone number, name and mobile device information to hike when choosing to participate in the use of the hike application, such as registering as a user, messaging other hike users, posting status updates, uploading images. In order to provide the hike service, hike shall periodically access Your address book or contact list on Your mobile phone to locate the mobile phone numbers of other hike users. To ensure a better user experience, hike may also at times, access names stored in Your address book to ensure any incoming messages and push notifications via the SMS feature have a name associated with them. For instance, if hike cannot access names on Your address book, when a non- hike user responds to a SMS sent from hike, the incoming reply will show the non-hike users number and not the name.

"last seen" information is available and displayed to each user whom you have added in your Friends (Previously known as "Circle of Friends") (and which you have not blocked), and reflects the last approximate time the hike application has been backgrounded or brought to the foreground on your mobile phone. "Last Seen" information is reported to hike when a user brings the mobile application to the foreground or quits it.

hike may receive data whenever You connect with an application or site through hike (such as during status update, when You connect to other sites and in which case hike posts to these sites on Your behalf ). This may include date and time You visit the site, the web address, IP address information, browser and if You are logged into hike and Your authentication tokens used on such sites. Your authentication tokens may be saved on the server for the sole purpose of seamless posting to the same site by You in the future through hike.

**Source**: https://support.hike.in/hc/en-us/articles/230607627-Privacy-Policy

> If the recipient can be messaged via the hike application, the message is delivered to that recipient via data service routed through our servers. Any messages that are undelivered are held on the hike servers until they can be delivered or for a period of 30 days whichever is earlier.
>
> With the introduction of hike 2.0, any status update messages and profile image updates posted by hike is stored on our servers to facilitate the normal use of the Status Updates feature in hike 2.0 and beyond. This includes but is not limited to the timestamp and the actual status update message.
>
> hike may retain date and time stamp information associated with successfully delivered messages and the mobile phone numbers involved in the messages, as well as any other information which hike is legally compelled to collect in accordance with retention policies applicable under Indian law.

**Source**: https://support.hike.in/hc/en-us/articles/230607627-Privacy-Policy

14. Upon information and belief, Defendant uses the information collected from users in the Eastern District of Texas in at least the following ways.

> We may share Your Personally Identifiable Information and Contents to deliver the services desired by You to the extent it is necessary to maintain or further develop and enhance our Application and to ensure the functionality and security of our services and to prevent and investigate any fraud and other misuse.
>
> We may share non-personally-identifiable information (such as anonymous user usage data, referring / exit pages and URLs, platform types, asset views, number of clicks, etc.) with third-parties to better understand usage patterns for certain content, services, advertisements, promotions, and/or functionality related to hike application.

**Source**: https://support.hike.in/hc/en-us/articles/230607627-Privacy-Policy

## JURISDICTION AND VENUE

15. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendant has committed acts of infringement in this

judicial district, has a regular and established places of business in Texas and in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

17.     Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas, and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

18.     Uniloc incorporates by reference the above paragraphs.

19.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING by inventor Michael J. Rojas that issued on March 31, 2015. A true and correct copy of the '433 Patent is attached as Exhibit A hereto.

20.     The '433 Patent was examined at the United States Patent and Trademark Office for over a year. During examination of the '433 Patent, trained United States Patent Examiners considered at least thirty-three (33) references before determining that the inventions claimed in the '433 Patent deserved patent protection. Such references include, for example, various references from International Business Machines Corporation, Core Mobility, Inc., and Ayalogic, Inc.

21.     Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

22.     Defendant has marketed and currently markets a voice and mobile messaging application (or "app") under the name "Hike Messenger." Hike Messenger can be downloaded to a mobile device through sites such as Google Play and the Apple App Store.  Defendant has an associated system, which includes servers, that are used to service the voice and mobile messages from Hike Messenger.

23.     Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Defendant's Hike Messenger voice and messaging application and its associated system work.

24.     Hike allows users to send voice messages back and forth within the Hike Messenger. With reference to the below illustration, once in a chat session with one or more participants, one need only tap the microphone icon at the bottom to send a voice message:



**Source**: product testing

25.     Upon holding down the microphone icon illustrated in the prior paragraph, a red button appears and the voice message beings to be recorded. With reference to the below illustration, a user can also cancel the recording by swiping left.  A count-up indicator shows the current length of the message.



**Source**: product testing

26.     The following illustration shows that after releasing the record button, the voice message is uploaded to Hike's servers for transmission to participants in the chat session.  A circle is drawn around the icon during transmission.



**Source**: product testing

27.     Hike explains the delivery of such voice messages:

Tick: Your message has been sent to hike server.

Double Tick: Your message has been delivered to your friend's mobile.

Read: Your friend has read your message.

Three Dots (...) : This means that hike is re-trying to send your message. Due to some network issue your message wasn't sent to our servers, but as soon as a connection is found, your message shall automatically be sent to our servers.

**Source**:   https://support.hike.in/hc/en-us/articles/230607727-What-does-tick-double-tick-and-R-stand-for-next-to-my-messages-

28.     The following illustration shows these same indicators can be seen in product testing:



**Source**:  product testing

29.    The following shows Hike further provides status indicators showing when a person was last online:



**Source**:  product testing

30.     The following shows if a recipient is not available, messages are stored on Hike's

severs for up to 30 days.

> If the recipient can be messaged via the hike application, the message is delivered to that recipient via data service routed through our servers. Any messages that are undelivered are held on the hike servers until they can be delivered or for a period of 30 days whichever is earlier.
>
> With the introduction of hike 2.0, any status update messages and profile image updates posted by hike is stored on our servers to facilitate the normal use of the Status Updates feature in hike 2.0 and beyond. This includes but is not limited to the timestamp and the actual status update message.
>
> hike may retain date and time stamp information associated with successfully delivered messages and the mobile phone numbers involved in the messages, as well as any other information which hike is legally compelled to collect in accordance with retention policies applicable under Indian law.

**Source**:  https://support.hike.in/hc/en-us/articles/230607627-Privacy-Policy

31.     The following shows Hike also automatically backs ups messages to its servers.



**Source**:          https://support.hike.in/hc/en-us/articles/230605787-How-do-I-recover-deleted-messages-

   32.  The following is another illustration of Hike Messenger with reference to sending a voice message:



**Source**:  https://support.hike.in/hc/en-us/articles/230604227-Walkie-Talkie



**Source**:   https://support.hike.in/hc/en-us/articles/230604227-Walkie-Talkie

33.     Hike also explains how one can make a VOIP call using Hike Messenger:



Source:  https://support.hike.in/hc/en-us/articles/230605607-How-do-I-make-a-hike-call-

34.     Defendant has directly infringed, and continues to directly infringe one or more claims of the '433 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling one or more versions of the accused voice and messaging application and its associated system during the pendency of the '433 Patent which software and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a

unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the user's request.

35.     In addition, should the accused voice and messaging application and its associated system be found to not literally infringe the claims of the '433 Patent, the  accused voice and messaging application and its associated system would nevertheless infringe one or more claims of the '433 Patent, including at least Claim 1, under the doctrine of equivalents. More specifically, the accused voice and messaging application and its associated system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

36.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '433 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas by, among other things, actively inducing the using, offering for sale, selling, and/or importation of Defendant's voice and messaging software. Defendant's customers who use such devices and software in accordance with Defendant's instructions directly infringe one or more of the above identified claims of the '433 Patent in violation of 35 U.S.C. § 271

37.     Defendant instructs its customers in the use of its messaging software through Internet demonstrations, training videos, brochures and administration, maintenance, installation and/or user guides, such as those located at the following:

https://support.hike.in/

Defendant is thereby liable for infringement of the '433 Patent pursuant to 35 U.S.C. § 271(b).

38.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '433 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, among other things, contributing to the direct infringement by others including, without limitation customers using the accused voice and messaging application and its associated system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '433 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

39.     For example, the accused voice and messaging application and its associated system is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the accused voice and messaging application and its associated system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant is therefore, liable for infringement under 35 U.S.C. § 271(c).

40.     Defendant will have been on notice of the '433 Patent since, at the latest, the service of this complaint upon them. By the time of trial, Defendant will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more claims of the '433 Patent, including at least Claim 1.

41.     Defendant may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Android Messaging

app and its associated system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

42.     Uniloc incorporates by reference the above paragraphs.

43.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING by inventor Michael J. Rojas that issued on May 19, 2009. A true and correct copy of the '890 Patent is attached as Exhibit B hereto.

44.     The '890 Patent was examined at the United States Patent and Trademark Office for over five years. During examination of the '890 Patent, trained United States Patent Examiners considered at least nineteen (19) references before determining that the inventions claimed in the '890 Patent deserved patent protection. Such references include, for example, various references from International Business Machines Corporation and Cisco Systems, Inc.

45.     Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

46.     Defendant has directly infringed, and continues to directly infringe one or more claims of the '890 Patent, including at least Claim 13, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling one or more versions of the accused voice and messaging application and its associated system during the pendency of the '890 Patent which software and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant

messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intended recipient becomes available.

47.     In addition, should the accused voice and messaging application and its associated system be found to not literally infringe the claims of the '890 Patent, the accused voice and messaging application and its associated system would nevertheless infringe one or more claims of the '890 Patent, including at least Claim 13, under the doctrine of equivalents. More specifically, the accused voice and messaging application and its associated system performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

48.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '890 Patent, including at least Claim 13, in this judicial district and elsewhere in Texas by, among other things, actively inducing the using, offering for sale, selling, and/or importation of Defendant's voice and messaging software. Defendant's customers who use such devices and software in accordance with Defendant's instructions directly infringe one or more of the above identified claims of the '890 Patent in violation of 35 U.S.C. § 271

49.     Defendant instructs its customers in the use of its messaging software through Internet demonstrations, training videos, brochures and administration, maintenance, installation and/or user guides, such as those located at the following:

https://support.hike.in/hc/en-us/articles/230604227-Walkie-Talkie

Defendant is thereby liable for infringement of the '890 Patent pursuant to 35 U.S.C. § 271(b).

50.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '890 Patent, including at least Claim 13, in this judicial district and elsewhere in Texas, among other things, contributing to the direct infringement by others including, without limitation customers using the accused voice and messaging application and its associated system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '890 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

51.     For example, the accused voice and messaging application and its associated system is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the accused voice and messaging application and its associated system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant is therefore, liable for infringement under 35 U.S.C. § 271(c).

52.     Defendant will have been on notice of the '890 Patent since, at the latest, the service of this complaint upon Defendant. By the time of trial, Defendant will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement one or more claims of the '890 Patent, including at least Claim 13.

53.     Defendant may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its voice and messaging app and its associated system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Defendant as follows:

(A)     that Defendant has infringed the '433 Patent and the '890 Patent;

(B)     awarding Uniloc its damages suffered as a result of Defendant's infringement of '433 Patent and the '890 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining each Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing '433 Patent and the '890 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest; and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 6, 2017                              Respectfully submitted,


                                                 */s/ James L. Etheridge*

                                                 James L. Etheridge
                                                 Texas State Bar No. 24059147
                                                 Ryan S. Loveless
                                                 Texas State Bar No. 24036997
                                                 Brett A. Mangrum
                                                 Texas State Bar No. 24065671
                                                 Travis L. Richins
                                                 Texas State Bar No. 24061296
                                                 Jeffrey Huang
                                                 California State Bar No. 266774
                                                 ETHERIDGE LAW GROUP, PLLC
                                                 2600 E. Southlake Blvd., Suite 120 / 324
                                                 Southlake, Texas 76092
                                                 Telephone: (817) 470-7249
                                                 Facsimile: (817) 887-5950
                                                 Jim@EtheridgeLaw.com
                                                 Ryan@EtheridgeLaw.com
                                                 Brett@EtheridgeLaw.com
                                                 Travis@EtheridgeLaw.com

                                                 **Counsel for Plaintiffs Uniloc USA, Inc. and
                                                 Uniloc Luxembourg S.A.**